Judgment below reversed and a new trial ordered.

----- ◄●►◄ -----

## WARNER *et. al. vs.* SLADE.

I n computing time with reference to the statute of limitations as applied to actions upon judgments, *held*, that the day of entering the judgment should be excluded.

Case made.

*Opinion by* COOLEY, J.—This action was brought on a judgment rendered in a court of record, March 15, 1859. It was commenced by summons March 15, 1869, and the question is, whether the action is not barred by the statute of limitations. This statute provides that every action upon such judgment shall be brought within ten years next after judgment was entered and not afterwards. If in computing the time, the day on which the judgment was entered, is to be included, then the action is brought too late, but, if that day is excluded, it is conceded that the summons was taken out in due season.

This question has been very fully examined in the reported cases, and the courts have come to widely different conclusions.— The Court concur in the rule of Sir William Grant, in treating the day of the action or event as a point of time only, and excluding it altogether from the computation. This rule coincides with that adopted under rules of practice, which is always exclusive of the first day, unless the peculiar wording of the rule would in clude it.

The decision of the Circuit Court is deemed correct, and its judgment is affirmed with costs.